IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN O. EGBUNA D/B/A DALLAS PICK A PART, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-1950-E |
| AIR CARGO TRANSPORT SERVICES, INC. D/B/A PRIORITY WORLDWIDE SERVICES, | § § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Remand Case to State District Court (Doc. No. 4). Plaintiff contends Defendant's notice of removal, filed about eight months after Defendant answered, was untimely. Defendant responds that removal was timely because the notice was filed within 30 days of the date when it could first be ascertained that the case was removable. For reasons that follow, the Court grants the motion to remand.

*Background*

Plaintiff John O. Egbuna d/b/a Dallas Pick A Part filed this action in state court on October 30, 2019, against Defendant Air Cargo Transport Services, Inc. d/b/a Priority Worldwide Services. Plaintiff's original petition sought return of two vehicles, a Mercedes and a GMC Yukon valued between $200,000 and $500,000, from Defendant. Defendant was supposed to ship the vehicles from Maryland to Nigeria for Plaintiff. Before the vehicles came into Defendant's possession, Plaintiff had them armor plated by the Texas Armoring Corporation in San Antonio. In September 2019, "Texas Armoring shipped the vehicles" to Defendant in Maryland for shipment to Nigeria.

1

According to Plaintiff, Texas Armoring owed Defendant money for services previously rendered to other clients. The complaint alleges Defendant is wrongfully possessing both vehicles and threatening lien and the possibility of a forced sale to recover the money Texas Armoring owes it. Plaintiff asserts claims for unlawful appropriation under the Texas Theft Liability Act and conversion. Under his claim for unlawful appropriation, he alleges he has a possessory right to his property and Defendant has voluntarily and unlawfully withheld or appropriated the vehicles. Similarly, under his conversion claim, he alleges that Defendant is holding the vehicles to obtain payment from Texas Armoring. Defendant's failure to release the vehicles constitutes wrongful exercise of dominion and control over them, in a manner inconsistent with Plaintiff's possessory rights. He seeks return of the vehicles plus "damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."

Upon Plaintiff's application, in November 2019, the state court judge issued an order, and later an amended order, for issuance of a writ of sequestration regarding the vehicles. It is undisputed that the vehicles have been returned to Plaintiff.

Defendant filed its notice of removal on July 23, 2020. Plaintiff seeks a remand on grounds the notice of removal was not filed within 30 days of the date Defendant was served. The record does not indicate when Defendant was served in this case, but as Defendant filed its answer on November 25, 2019, no one disputes that the notice of removal was not filed within 30 days of service.

On a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013). Any ambiguities are construed against removal because the removal statue should be strictly construed in favor of remand. *Id.*

2

The procedure for removal of civil actions is set out in 28 U.S.C. § 1446.  Section 1446(b) provides a two-step test for determining whether a defendant timely removed a case.  *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017).  If the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant.  *Id.*  If the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.  *Id.*; *see* 28 U.S.C. § 1446(b)(3).

According to Defendant, the case stated by Plaintiff's initial pleading was not removable.  Defendant contends it first ascertained that the case was removable on June 23, 2020, when it received Plaintiff's supplemental responses to requests for disclosure.  Defendant argues it determined from this "other paper" both that there was federal question jurisdiction and diversity jurisdiction.  Specifically, it contends it learned the Carmack Amendment to the Interstate Commerce Act applied to preempt Plaintiff's claims and also that the amount in controversy was satisfied for diversity jurisdiction purposes.

*Diversity Jurisdiction*

Federal diversity jurisdiction is proper only if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  The parties are citizen of different states; Plaintiff is a Texas citizen and Defendant is a Maryland citizen.  Defendant contends it first learned that the amount in controversy exceeded $75,000 when Plaintiff served his supplemental disclosures on June 23, 2020.  Plaintiff states in these disclosures that his alleged damages are $81,390.  Defendant also relies on a Texas Deceptive

Trade Practices Act notice letter from Plaintiff indicating his damages are $114,600. Defendant states it received the letter on July 17, 2020.

The Court is not persuaded by Defendant's argument about when it became aware diversity jurisdiction existed. Plaintiff's complaint alleges that he is entitled to recover the value of actual damages of the loss of the vehicles or actual damage to the vehicles should they not be returned in the same condition as delivered to Defendant. He alleged he sustained damages of at least $198,343 for the costs of purchasing and armoring the Mercedes and damages of a similar amount for the Yukon. Thus, when the initial pleading was filed in October 2019, Plaintiff alleged damages in excess of $75,000. Defendant did not timely remove the case on diversity grounds.

*Federal Question Jurisdiction*

The Court turns to Defendant's argument about federal question jurisdiction. Defendant argues that it timely filed its notice of removal within 30 days of learning that the Carmack Amendment to the Interstate Commerce Act completely preempts Plaintiff's state law claims.

A state law claim may be removed to federal court only in two circumstances, when Congress expressly provides for removal or when a federal statute wholly displaces the state law cause of action through complete preemption. *Hoskins v. Belkins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003). The Carmack Amendment establishes the standard for imposing liability on a motor carrier for the actual loss or injury to property transported through interstate commerce. *Heniff Transp. Sys., LLC v. Trimac Transp. Servs., Inc.*, 847 F.3d 187, 189–90 (5th Cir. 2017); *see* 49 U.S.C. § 14706. Because the Carmack Amendment does not expressly provide for removal of state law claims, this case is removable only if the Carmack Amendment completely preempts state law claims for loss or damage to goods arising from the interstate transportation of those goods by a common carrier. *Hoskins*, 343 F.3d a6 773. Under the complete preemption doctrine,

4

once an area of state law has been completely preempted, any claims purportedly based on that preempted state law is considered, from its inception, a federal claim and therefore arises under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

The Carmack Amendment generally preempts state law claims arising out of the shipment of goods by interstate carriers. *Heniff*, 847 F.3d at 190. The purpose of the Amendment is to establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment. *Id.* The Amendment provides the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. *Id.* The Fifth Circuit has recognized the "broad reach" of the Carmack Amendment. *Id.*

Defendant asserts the applicability of the Carmack Amendment was not apparent on the face of Plaintiff's pleading. According to Defendant, the pleading was unclear regarding the relief requested and "vague and ambiguous regarding damages" and the applicability of the Carmack Amendment became apparent when Plaintiff supplemented his responses to requests for disclosures. Defendant relies on the following response to a request for the "legal theories" of Plaintiff's claims: "Unlawful appropriation under the Theft Liability Act; Conversion; Texas [sic] pursuant to the Left [sic] Liability Act and Common Deceptive Trade Practices Act; Fraud; Breach of Contract; Aiding and Abetting Law Conversion." Defendant also relies on the fact that Plaintiff's supplemental disclosures indicate he still seeks damages despite the return of the vehicles to his possession. Defendant asserts it was not apparent before Plaintiff's supplemental disclosures that, after his vehicles were returned, Plaintiff still sought money damages under "state law claims for the interstate transportation of goods." Defendant argues that its notice of removal was timely because it was filed within 30 days of when Plaintiff served this "other paper."

5

There is some support for the argument that the conversion and unlawful appropriation claims raised in Plaintiff's complaint are outside the scope of Carmack Amendment preemption. *See Tran Enters., LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1009–10 (5th Cir. 2010) ("in some circumstances, where a carrier has intentionally converted for its own purposes the property of the shipper, traditional true conversion claims should be allowed to proceed and limitations on liability should be considered inapplicable"). Even so, the Court concludes Defendant has not demonstrated that the "other paper" made the case removable months after Defendant answered.

In the Fifth Circuit, correspondence between parties and discovery documents may constitute "other paper" under certain circumstances. *Eggert v. Britton*, 223 F. App'x 394, 396–97 (5th Cir. 2007). In most cases, when courts look to "other paper" to ascertain removability, it is to clarify that diversity jurisdiction has been established. *Id.* at 397; *see, e.g., Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000) (demand letter established amount in controversy). Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint under which federal jurisdiction exists only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint. *Eggert*, 223 F. App'x at 397. Under limited circumstances, courts have looked to "other paper" to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law. *Id.* (citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 468–69 (6th Cir. 2002) (allowing use of deposition testimony to ascertain plaintiff's state law claim was related to retirement plan and thus preempted by ERISA)). The Fifth Circuit noted that in *Peters*, deposition testimony was used, not to establish a new federal claim, but to clarify that the existing claim was preempted by federal law. *Id.*

6

In *Eggert*, the plaintiff's original complaint did not allege any claims under federal law. *Id.* at 396. In response to an interrogatory asking whether he was making any claims under the United States Constitution, the plaintiff provided a document titled "Statement of Privilege" that indicated one defendant had violated the plaintiff's constitutional rights. *Id.* The defendants relied on the Statement of Privilege to remove the case to federal court based on federal question jurisdiction. *Id.* They argued the discovery response was "other paper" sufficient to establish federal jurisdiction. *Id.* at 397. The Fifth Circuit rejected the argument. They cited with approval a district court opinion which involved similar facts:

> Where, as here, the allegations which are said to form the basis of a federal claim which, in turn, forms the basis for removal, do not appear anywhere in the pleadings but have been injected in the case solely in deposition testimony, the putative federal claim simply does not exist as a cognizable claim in this case. In other words, deposition testimony that does not tend to merely clarify the federal nature of an existing claim but which relates to a putative claim *which has not been pled*, is not "other paper" from which it may be ascertained that the case is or has become removable.

*Id.* at 397–98 (quoting *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999)). The Fifth Circuit concluded that the alleged constitutional claims raised in the "Statement of Privilege" do not appear in the pleadings. *Id.* at 398. Nor did they clarify any possible federal nature of the claims made in the pleadings. *Id.*

Here, Plaintiff's complaint, the document the Court references to determine removability based on federal question jurisdiction, alleges only state law claims. While Defendant attempts to demonstrate that Plaintiff's discovery response shows he is asserting new state law claims, such as a DTPA claim, that establish federal preemption under the Carmack Amendment, the fact is that Plaintiff has not amended his pleadings to include these claims. Nor do the allegations in the supplemental disclosures clarify the possible federal nature of the claims in the pleadings.

7

Defendant suggests it was new information that Plaintiff sought money damages in addition to the return of his cars.  But Plaintiff's complaint sought money damages in addition to return of the vehicles.  The complaint seeks "damages of any kind."  Plaintiff alleged he is entitled to recover the value of the vehicles *or* the value of actual damage to the vehicles should they not be returned in the same condition.  Plaintiff also alleged that he may be eligible for exemplary damages under the Texas Damages Act and that he sought loss of use damages.  In light of these allegations in the complaint, the supplemental disclosures do not provide any new information about the claims asserted in the complaint that clarify their federal nature.  The Court concludes Defendant has not met its burden to establish timely removal based on federal question jurisdiction.

In his motion to remand, Plaintiff asks the Court to award him attorney's fees and costs of $8,226.18.  An order remanding a case may require payment of attorney's fees incurred as a result of the removal. 28 U.S.C. § 1447(c).  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The Court cannot conclude Defendant lacked an objectively reasonable basis for seeking removal.  Accordingly, Plaintiff's request for attorney's fees is denied.

In conclusion, the Court grants Plaintiff's motion to remand.  The Court remands this case to the 193rd Judicial District Court of Dallas County, Texas, where it was assigned cause number DC-19-17510.

**SO ORDERED.**

Signed November 3, 2020.

Ada Brown
UNITED STATES DISTRICT JUDGE

8